### STATE v. F. A. ADDINGTON et al.

*Criminal Action for Purchasing Mill Logs Without Inspection and Measurement—Jurisdiction—Standing Timber—Mill Logs.*

Section 1 of Chapter 173, Acts of 1895, makes it unlawful to purchase or sell mill logs in quantities of 1,000 feet or more without inspection and measurement by a sworn inspector while Section 6 forbids any mill owner or his employee to have mill logs cut by the 1,000 feet without such inspection and measurement. Section 8 imposes a penalty, for each violation of the Act, of not less than $20 and not more than $40, at the discretion of the Court. Defendant was charged before a Justice of the Peace with a violation of the Act and a special verdict of a jury on trial of an appeal showed that he had bought standing timber to be afterward cut and sawed at his mills. *Held*: (1) That the jurisdiction of a Justice of the Peace under the Act, as shown in Section 8, is confined to the offence denounced by Section 1, the purchase and sale of logs—timber already severed from the land and on the market as personal property. (2) That defendant's offence was that denounced by Section 6 of which a Justice of the Peace has no jurisdiction as the punishment prescribed in Section 8 is not limited so as to bring it within such jurisdiction.

CRIMINAL ACTION commenced before a Justice of the Peace and tried before *Bryan, J.,* and a jury at Spring Term, 1897, of BEAUFORT Superior Court, charging the defendants with a violation of Chapter 173, Acts of 1895 as amended by Chapter 200, Acts of 1897. The jury rendered a special verdict, the substance of which is set out in the opinion, and his Honor being of the opinion that the defendant was not guilty so adjudged and the State appealed.

*Messrs. Zeb V. Walser, Attorney General,* and *B. B. Nichol-son,* for the State (appellant).

*Messrs. C. H. Warren* and *J. H. Small,* for defendants.

MONTGOMERY, J.:  The warrant of the Justice of the Peace, under which the defendant was arrested and tried, was issued upon affidavit in which it was stated "that T. A. Addington, vice president of The Baltimore and North Carolina Land & Lumber Company, did unlawfully and wilfully violate the Statute of North Carolina of 1895 as amended by Statute of 1897, respecting measuring of logs at said Baltimore and N. C. Land & Lumber Company by refusing to pay the regular sworn inspector for measuring certain logs—as provided in aforesaid Statutes, belonging to one Thomas Latham."

Chapter 173 of the Acts of 1895, which applied at the time of its ratification only to the Counties of Hyde, Pamlico and Onslow, and which by an Amendment made by the Acts of 1897, Chapter 200, was made to include the County of Beaufort, provides in its first Section: "That it shall be unlawful for any person to sell or purchase mill-logs in quantities of one thousand feet or more without their being inspected and measured by a sworn inspector." Section 6 of the same Act is in the following words: "No mill-owner or his employee shall have or cause to have mill-logs cut by the thousand feet without their being inspected and measured by a sworn inspector." The only punishment prescribed for a violation of the Act is set out in its eighth Section as follows: "Any violation of this Act either by seller or purchaser shall be fined not less than twenty nor more than forty dollars for each offence, at the discretion of the Court."

The defendant was convicted in the Court of the Justice of the Peace and a fine of twenty dollars imposed. Upon appeal the case was tried in the Superior Court of Beaufort

County, not upon a bill of indictment but upon the original papers in the proceedings before the justice.

It appears in the special verdict that the defendant Addington was the vice president of a corporation styled The Baltimore & North Carolina Land & Lumber Company, and that at the time of his arrest and trial the company was the owner of mills in Beaufort County and was there engaged in sawing and manufacturing lumber; that the defendant company had bought by the one thousand feet from Thomas Latham a lot of timber standing on a tract of land of Latham's, to be paid for when cut and removed and measured by the defendant; that after the timber had been cut and measured and delivered to the defendant, James J. Hodges, the inspector duly appointed under the Act, measured the logs and demanded his fees for the same, which the defendant refused to pay. If the warrant of the Justice of the Peace on its face was uncertain as to whether it charged a violation of Section 1 or of Section 6 of the Act, the special verdict makes it certain that the charge was based upon an alleged violation of Section 6, and that the defendant was tried on that charge, both in the Justice's Court and in the Superior Court. It is clear, therefore, that the Justice of the Peace did not have jurisdiction of the offence.

The magistrate's jurisdiction is confined, as appears in Section 8, to the case of seller and purchaser of logs—timber already severed from the land and on the market in the shape of personal property. The defendant had bought no logs in that sense. He was the purchaser of timber growing on the lands to be afterwards cut and sawed at the mills, and under Section 6 of the Act could only have been indicted for having mill logs cut by the one thousand feet without having them inspected and measured by a sworn inspector and paying his fees. Over such offence the Justice had no

jurisdiction, as the punishment is not limited in that Section so as to bring the offence within the jurisdiction of a Justice of the Peace. The Superior Court would have had original jurisdiction if an indictment had been found, but such was not the case, the trial having been had on the original warrant issued by the Justice. The action must be dismissed.

Dismissed.